## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:

MARTIN CHARLES FLYNN, JR.,

Case No. 6:26-bk-00399-LVV
Chapter 11

Debtor.

_____|

## MOTION TO RESET PROOF OF CLAIMS BAR DATE AS MAY 27, 2026

Creditor and Movant, Pedixon, LLC, a Florida limited liability company ("**Movant**" or "**Pedixon**"), by and through undersigned counsel, hereby files the Motion to Reset Proof of Claim Bar Date as May 27, 2026 (the "**Motion**"), and in support of the Motion, respectfully states:

On March 18, 2026, the Court issued its Order and Notice Converting the Bankruptcy Case (Doc. No. 46) (the "**First Bar Date Notice**"). The claims bar date was set for May 27, 2026 (the "**First Bar Date**").

Counsel for Pedixon and its related entities calendared the First Bar Date.

On April 23, 2026, after the Debtor elected to continue its case under Subchapter V of the Bankruptcy Code, a Notice of Bankruptcy Case was entered on the docket. In that notice, the proofs of claim bar date was changed to April 2, 2026 (the "**Second Bar Date**"). The Second Bar Date expired three-weeks prior to the notice.

Counsel for Pedixon, while preparing Pedixon's claims discovered the discrepancy between the First Bar Date and the Second Bar Date.

Pedixon has diligently participated in the bankruptcy case and intends to comply with the First Bar Date. Requiring Pedixon (and any other creditor) to comply with the Second Bar Date is

6437965.v1

prejudicial. Due to know fault of creditors,[1] the creditors received notice of the Second Bar Date after it expired and after creditors were already proceeding under the First Bar Date.

WHEREFORE, Movant requests that an Order be entered resetting the claims bar date for May 27, 2026 (the First Bar Date) or a later date and for any further relief the Court deems just.

DATED: May 19, 2026.

/s/ James A. Timko
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone:    407-841-1200
Facsimile:     407-423-1831
Emails:        jtimko@deanmead.com
               mgodek@deanmead.com
***Counsel for Creditor, Pedixon, LLC***

---

[1] Here, the creditors did not neglect to file the claims timely. The bar date was reset to an earlier date and was out of their control. To the extent excusable neglect is considered, it is an elastic equitable concept and takes into account the diligence of the creditor in filing the claim. See Pioneer Investments Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). There was no lack of diligence in this matter, but what appears to be an administrative change of date when the Debtor elected Subchapter V after originally filing a chapter 13 case, converting to chapter 11, and then a month later electing Subchapter V. Creditors had no control of the Debtor's actions or the repeated changes to the bar date.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below by ECF notification (if they receive ECF notification) and U.S. mail on May 19, 2026:

**Debtor**

Martin Charles Flynn, Jr.
14556 Saint Georges Hill Drive
Orlando, FL 32828

**Debtor's Counsel**

Daniel A. Velazquez
Latham, Luna, Eden & Beaudine, LLP
201 S. Orange Avenue, Suite 1400
Orlando, FL 32801

**Subchapter V Trustee**

Todd Budgen
Budgen Law
Post Office Box 520546
Longwood, FL 32752

**U.S. Trustee**

United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**U.S. Trustee's Counsel**

Wanda D. Murray
400 West Washington Street, Ste. 1100
Orlando, FL 32801

_/s/ James A. Timko_
James A. Timko, Esq.

3

6437965.v1