**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

*In re:*
MARTIN CHARLES FLYNN, JR.,                    Case No. 6:26-bk-00399-LVV

                                                              Debtor.
                                              Chapter 11 (Subchapter V)

---

**OBJECTION OF HORTON S. JOHNSON TO PEDIXON, LLC AND ZPD,
LLC MOTION TO RESET THE CLAIMS BAR DATE [DOC. 84]**

Comes now, Horton S. Johnson, through undersigned counsel, a party in interest in this case under 11 U.S.C. § 1109(b). Johnson opposes the motion. The court must deny it.

**Excusable neglect requires circumstances beyond the movant's reasonable control. PEDixon and ZPD cannot meet that standard.**

PEDixon and ZPD are sophisticated commercial lenders represented by experienced bankruptcy counsel. Nothing in the motion, in the record, or in the conduct of these creditors or their counsel meets the criteria the Eleventh Circuit has established to move a bar date once it has passed. See *ITT Commercial Finance Corp. v. Virginia Dilkes*, 933 F.2d 939,942 (11th Cir. 1991)(Discussing governing authority on resetting claims dates and excusable neglect, then "conclud[ing] the District Court [and bankruptcy court] abused its discretion in granting [] leave to file untimely proof of claim").

A creditor must file a proof of claim with the bankruptcy court within the time the court fixes. Fed. R. Bankr. P. 3003(c). Rule 3003(c)(3) permits the court to extend that time "for cause shown." The rule reads in tandem with Federal Rule of Bankruptcy Procedure 9006(b), which "explains under what circumstances a bankruptcy court may, in its discretion, extend the bar date." *Biscayne 21 Condominium Ass'n, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817 (11th Cir. 1985). When the motion to extend is made *after* the bar date, the court may permit the extension only if the delay was the result of *excusable neglect*. *Id.*; Fed. R. Bankr. P. 9006(b).

The Eleventh Circuit has read excusable neglect to require the movant to establish that *"the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." Id.* (quoting *In re Gem Rail Corp.*, 12 B.R. 929, 931 (Bankr. E.D. Pa. 1981)). Although the Supreme Court's decision softened the severity of the Eleventh Circuit's rule. *Pioneer Investment Services Co. v. Brunswick Associates, ltd. Partnership*, 507 U.S. 380 (1993). The mellowing did not render the Eleventh Circuit's boundary permeable. *Advanced Estimating Systems, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)(notifying that the Pioneer court stated, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect")(internal notations omitted)

A movant cannot bypass the "beyond the reasonable control" standard by relying on general principles of equity. *See Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 60 (3d Cir. 1988) ("[t]he [bankruptcy] court has no discretion to grant an extension simply because no prejudice would result, or for any other equitable reason"); *Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.) ("The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles."), *cert. denied*, 488 U.S. 826 (1988); *In re South Atlantic Financial Corp.*, 767 F.2d at 818 (counsel's failure to determine whether a proof of claim had been filed, a fact she could have verified by examining the bankruptcy court records, did not constitute excusable neglect).

The bankruptcy-court applications confirm the standard's narrowness. *See In re Underground Util. Constr. Co.*, 35 B.R. 588 (Bankr. S.D. Fla. 1983) (proof of claim filed three days after bar date because the claim was not mailed to the proper address did not constitute excusable neglect); *In re Horn Constr. & Maint.*, 32 B.R. 87 (Bankr. S.D. Ala. 1983) (late filing because of a "misunderstanding" between creditor and creditor's attorney did not constitute excusable neglect); *In re Oakton Beach & Tennis Club Real Estate Ltd. P'ship*, 9 B.R. 201 (Bankr. E.D. Wisc. 1981) (counsel's reliance on misinformation from the bankruptcy court clerk did not constitute excusable neglect).

PEDixon and ZPD do not come close. They received notice of this case from petition forward. They appeared through experienced bankruptcy counsel. Whatever oversight they now offer to excuse the failure to file by the April 2, 2026 bar date was, by definition, within their reasonable control and the reasonable control of their counsel.[1] The motion identifies no event outside that control. Under *Biscayne 21* and the cases following it, that ends the inquiry.

Moreover, any claims filed by these creditors is futile and a waste of judicial and party resources: this court has no subject-matter jurisdiction over the claims and to the extent any claim existed at law, its been paid.

**Section 687.071(7) withdraws this court's power to enforce the underlying debt.**

The extensions of credit on which PEDixon and ZPD would predicate any proof of claim are usurious. Florida Statute § 687.071(7) provides:

> *No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.*

That language does not create an affirmative defense. It withdraws forum-court power. This court accordingly should not entertain these creditors at all, except to identify the usurious nature of the underlying loans. The same usury issue is pending in *PEDixon, LLC and ZPD, LLC v. Flynn, et al.*, Case No. 2025-CA-

---

[1] 15 other claims were filed by 11 different entities.

002359-CI (Cir. Ct., Osceola Cnty., Fla.), where Johnson has moved to dismiss on the same grounds.

**The Dixon-affiliated debts are paid in full. PEDixon and ZPD have no standing in this case.**

The PEDixon and ZPD debts are paid in full. These creditors therefore lack standing in these proceedings and the court should not allow them to proceed. A summary of the loans extended by PEDixon, LLC, Parke Financial Group, Ltd., and ZPD, LLC, and of the payments received against those loans, is attached as Exhibit A. Resetting the bar date to permit the filing of a satisfied claim would be an empty exercise.

**At a minimum, any late filing must be conditioned on counsel's certification and thew claimant's verified accounting.**

If the court reaches the question of conditions, the tardy creditor must be required to proffer the proof of claim together with two things. First, a statement from counsel that, after a proper investigation, the documents supporting the claim are originals, are not improper, are not fabricated, are not falsely attested to, and have not otherwise been falsified or forged. Second, a comprehensive verified accounting of the entire loan or loans being asserted, showing what payments were received, from whom each payment was received, and how each payment was applied.

These minimum protections are necessary to prevent the further consumption of judicial and party resources by claims that, on the existing record, are paid, are usurious, or both.

## RELIEF REQUESTED

The court must deny PEDixon and ZPD's motion to reset the claims bar date (Doc. 84).

Respectfully submitted this 22nd day of May, 2026,

/s/ Matthew A. Leibert
**MATTHEW A. LEIBERT, Esquire**
Florida Bar No. 752266
Law Office Matthew A. Leibert
5782A S. Semoran Blvd.
Orlando, Florida 32822
Telephone: (407) 425-2005
*Counsel for Horton Johnson, Creditor*

# Dixon's Repaid

Between January 2022 and September 2023, three Dixon-owned lenders[1] made 11 extensions of credit to six persons[2] affiliated with the owners of Tiered Capital, Inc. (borrowers):

| Date | Description | Amount |
|---|---|---|
| Jan. 2022 | Sherwood Note (Amelia CD) | 500,000 |
| July 2022 | IMQA Loan 506 | 300,000 |
| Aug. 2022 | Allonge to Sherwood Note | 250,000 |
| Aug. 2022 | Hampton | 1,300,000 |
| Oct. 2022 | Sherwood Option Loan | 500,000 |
| Dec. 2022 | Million Dollar Loan (Cherry CD) | 1,000,000 |
| Feb. 2023 | Resorts Common Area Loan | 500,000 |
| June 2023 | River Fly In | 3,000,000 |
| July 2023 | Holly Bluff | 3,000,000 |
| July 2023 | Flynn | 125,000 |
| Sept. 2023 | Tiered | 750,000 |
| | **Total** | **11,225,000** |

Between January 2022 and January 2024, the borrowers made all payments of interest and expenses; plus, either in-kind or in-cash, made $11,763,595 in payments earmarked for the payment of principal:

| Date | Description | Amount |
|---|---|---|
| Jan. 2022 | ROGOs | 150,000 |
| July 2023 | 57.36 Acres of river front property | 4,210,000 |
| July 2023 | 7.24 Acres of industrial property | 4,300,000 |
| Oct. 2023 | Cash | 2,603,595 |
| Jan. 2024 | Cash from CD | 500,000 |
| | **Total** | **11,763,595** |

Despite Dixon having received all interest and expenses due through December 2023 and $448,595 more than the principal of all the loans, Dixon continued to collect monies and properties from January 2024 through to the present (April 2026). Simply, Dixon has taken more than $5,000,000 since being repaid, not including the 27 condominiums and townhomes.

[1] PEDixon, LLC, Parke Financial Limited Partnership, and ZPD, LLC
[2] Sherwood Construction, Inc. IMQA Investments Incorporated, Recycled group of SC, LLC, Florida Space Coast Resorts, Inc., Tiered Capital, Inc., and Martin Flynn

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of May, 2026, I served a true and correct copy of the foregoing through the court's CM/ECF system on all parties registered to receive notice in this case, including counsel for PEDixon, LLC and ZPD, LLC, counsel for the debtor, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Matthew A. Leibert
Matthew A. Leibert, Esq.