**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

MARTIN CHARLES FLYNN, JR.,

Debtor.

Case No. 6:26-bk-00399-LVV
Chapter 11

## OBJECTION TO CHAPTER 11 PLAN AND RESERVATION OF RIGHTS

Creditors, Pedixon, LLC, a Florida limited liability company and ZPD, LLC ("**Creditors**"), by and through undersigned counsel, out of an abundance of caution, hereby files this Objection to Chapter 11 Plan and Reservation of Rights (the "**Objection**"), and in support of the Objection, respectfully states:

## BACKGROUND

1. On January 22, 2026 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. This resulted in the imposition of the automatic stay with respect to the sanctions request made in the Involuntary Bankruptcy Case.

2. On the Petition Date, Debtor filed his Schedules and Statement of Financial Affairs, which he amended on February 6, 2026 (collectively, the "**Schedules**"). In his Schedules, Debtor claims monthly income of $12,479.50. In his Schedule J, he reports $9,369.78 in expenses. In his Form 122C-2, he reports disposable income as a <u>negative</u> $1,022.28. In his Amendment to his Schedules, he revised his income and his expenses, but that amendment was based on him eventually selling his interest in 650 LLC to his wife.

3. On February 17, 2026, the Court entered its Order Dismissing Chapter 13 Case because Debtor was not eligible for Chapter 13, but allowed Debtor fourteen (14) days to convert his case. (Doc. No. 38)

4. On March 3, 2026, Debtor filed his Notice of Voluntary Conversion to Chapter 11 (Doc. No. 41) and his Motion to Vacate Order Dismissing Chapter 13 Case.

5. On March 25, 2026, Debtor filed his Case Management Summary (Doc. No. 53) the "**CMS**") under Local Rule 2081-1(b). The CMS does not provide any description of Debtor's business or business revenues.

6. On April 20, 2026, Debtor filed an Amended Voluntary Petition to elect Subchapter V of Chapter 11 of the Bankruptcy Code (Doc No. 62).

7. The next day, on April 21, 2026, a status conference and hearing with respect to Pedixon's Renewed Motion for Order Determining That the Automatic Stay Does Not Apply to Non-Debtors and Their Property (Doc No. 43) (the "**Stay Motion**") was held.[1] At that hearing, Debtor's counsel stated Debtor will be amending his Schedules and that the primary purpose of this bankruptcy case was to determine the amount of Pedixon's claim that is being litigated in the Guaranty Case. At that hearing, the Court raised the issue as to whether the deadline under Subchapter V to file a plan should be extended because the election to proceed under Subchapter V does not result in a new Order for Relief under Section 348 of the Bankruptcy Code.

8. On April 21, 2026, Debtor filed its Subchapter V Plan of Reorganization for Martin Charles Flynn (Doc. No. 66) (the "**Plan**"). The Plan does not provide any treatment of Pedixon's secured interest in Debtor's residence. It is a one-year Plan, and proposes to pay approximately $478,000, despite Debtor being subject to millions of dollars of claims.

[1] This Motion was granted, however, on April 20, 2026, knowing that the Stay Motion would be granted, Debtor removed this case to the Bankruptcy Court and a Motion to Remand this case is currently pending before the Court.

9. On May 13, 2026, Debtor filed his monthly operating reports for the month of March and April 2026 (Doc. Nos. 79, 80). As of the end of April 2026, Debtor had $352.74 on hand and a total income for both months totaling $1,291.48. The source of this income is unclear.

10. On May 19, 2026, Pedixon filed its Motion to Dismiss or Convert this Bankruptcy Case (Doc. No. 81) (the "Motion to Dismiss"). Grounds for dismissal or conversion include, the case being filed in bad faith, the Debtor's lack of income, the Debtor's inability to qualify as a subchapter V Debtor, and the inability of the Debtor to confirm his Plan as proposed..

11. On May 19, 2026, the Debtor submitted Amended Schedules (Doc No. 82).

12. After a request by the parties, the Court entered its Order Directing Settlement Conference and Appointing Settlement Judge (Doc. No. 94).

13. A mediation was held on July 1, and July 15, 2026. On July 21, 2026, the Honorable Roberta A. Colton, in her capacity as mediator filed her Mediation Report (Doc. No. 102). In the Mediation Report, Judge Colton reported the matter was resolved and the parties were preparing settlement documents for the Court.

14. As of the date of this filing, the settlement agreement between the parties has not been finalized.

## OBJECTION

15. Creditors anticipate the parties will complete a settlement agreement that resolves the disputes between them and the Debtor, including the Motion to Dismiss. This settlement will result in the Debtor being able to confirm an amended plan subject to the Creditor's approval. As a result, based on the status of the Settlement Agreement and discussions with Debtor's counsel, the parties will request that the confirmation hearing set for September 1, 2026 hearing be treated

as a status conference. Out of an abundance of caution, Creditors object to the Plan for all the reasons stated in the Motion to Dismiss.

16. The parties abated discovery while they worked towards settlement. As discovery is still pending, if the settlement agreement is not ultimately approved by this Court, Pedixon and ZPD assert and reserve their right to supplement or amend this Objection, join in other parties' objections, and to raise additional arguments before this Court.

DATED: August 25, 2026.

*/s/ James A. Timko*
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile: 407-423-1831
Emails: jtimko@deanmead.com
mgodek@deanmead.com
***Counsel for Creditors, Pedixon, LLC and ZPD, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below by ECF notification (if they receive ECF notification) and U.S. mail on August 25, 2026:

**Debtor**

Martin Charles Flynn, Jr.
14556 Saint Georges Hill Drive
Orlando, FL 32828

**Debtor's Counsel**

Daniel A. Velazquez
Latham, Luna, Eden & Beaudine, LLP
201 S. Orange Avenue, Suite 1400
Orlando, FL 32801

**Subchapter V Trustee**

Todd Budgen
Budgen Law
Post Office Box 520546
Longwood, FL 32752

**U.S. Trustee**

United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**U.S. Trustee's Counsel**

Wanda D. Murray
400 West Washington Street, Ste. 1100
Orlando, FL 32801

*/s/ James A. Timko*
James A. Timko, Esq.