UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MARTIN C. FLYNN, JR., Case No. 6:26-bk-00399-LVV

Debtor. Chapter 11

_______________________________/

**NOTICE OF RULE 2004 EXAMINATION OF DEBTOR MARTIN C. FLYNN, JR. AND REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the undersigned, on behalf of the requesting party in interest identified in the signature block below, will examine the Debtor, Martin C. Flynn, Jr., under oath at the following time and place:

**Date:** November 3, 2026
**Time:** 10:00 a.m. Eastern Time
**Place:** 700 N. Wickham Road, Suite 205, Melbourne, FL 32935.

The examination will be taken before a court reporter or other officer authorized to administer oaths and record testimony, and may continue on additional agreed dates or as otherwise ordered by the Court. The examination concerns the Debtor's assets, liabilities, financial condition, business interests, transactions, and matters affecting administration of the estate and any Chapter 11 plan.

The Debtor is requested to produce the documents and electronically stored information described in **Exhibit A**, attached, at the examination. The parties may agree in writing to earlier electronic production. Nothing in this notice requires appearance or production earlier than 21 days after service; if the notice is served too late to provide the required interval, the date must be reset or otherwise addressed by agreement or court order. This notice is directed to the Debtor only and does not independently compel production from a separate legal entity or third party.

Respectfully submitted,

J. Christopher Crowder
FBN 50562

Faro & Crowder, P.A.
700 N. Wickham Road
Suite 205
Melbourne, FL 32937
321-784-8158
Jcrowder@farolaw.com
Farolawpleadings@gmail.com

CERTIFICATE OF SERVICE

I certify that on September 30, 2026, I filed this notice with the Court and served it on the trustee, if any, the Debtor, the Debtor's attorney, and other parties entitled to service by CM/ECF.

/s/ J. Christopher Crowder
J. Christopher Crowder

# EXHIBIT A

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED BY THE DEBTOR

## DEFINITIONS AND INSTRUCTIONS

**Debtor** and **you** mean Martin C. Flynn, Jr. The requests reach documents in your possession, custody, or control, including documents you have a legal right to obtain from an entity; they do not assume that your relationship with a listed entity alone gives you control of all its records.

**Listed entities** means each of the following, separately, using the names supplied for this request: WM Holdings; MTF Holdings; Canaveral Crossroads, LLC; Tiered Capital; Cape Crossing Vacation Rental; Investment of Merritt, LLC; Sherwood Construction; Florida Space Coast Resorts, Inc.; Holly Bluff Marina, Inc.; A Marine Inc; Recycled Group of South Carolina, LLC; Tri-Star Development, LLC; Tri-Star Affordable Development, LLC; and 650 85th, LLC. If responsive records are kept under a different full legal name, trade name, or successor name, identify the name when producing the records.

**Documents** include paper records and reasonably accessible electronically stored information, including email attachments, electronic accounting records, PDFs, and records kept in ordinary-course cloud storage. Produce legible copies as kept in the ordinary course or organize and label them by request and entity. Originals need not be surrendered absent further agreement or order.

Unless a request states otherwise, the requested period is July 1, 2014 through the date of production. For operating or tax periods overlapping that interval, produce the complete report or return for the overlapping period if within your possession, custody, or control. An operating agreement and amendments in force during that interval are responsive even if first executed before July 1, 2014.

These requests apply only to nonprivileged materials. If responsive materials are withheld on a privilege claim, identify the withheld material and the basis for the claim sufficiently to permit assessment without revealing privileged content. If records responsive to a category are not within your possession, custody, or control, identify the entity and category affected, to the extent known. Nothing here asks you to create a document that does not exist.

**DOCUMENTS REQUESTED**

For **each separately numbered entity below**, produce the following five distinct categories for the period specified in Instruction 4, to the extent in your possession, custody, or control. The five lettered sub-requests apply separately to each numbered entity; a production for one entity does not substitute for another.

A. **Operating reports:** All existing monthly, quarterly, and annual operating reports; management or operational reports; reports concerning revenues, expenses, assets, liabilities, or distributions; and attachments or schedules to those reports. This includes any existing reports supplied to owners, managers, directors, lenders, or investors, but does not require creation of reports that were never maintained.

B. **Meeting minutes:** All minutes and written records of meetings of members, managers, directors, shareholders, or comparable governing bodies, with attendance records and exhibits or materials incorporated into those minutes.

C. **Consents and corporate actions:** All signed written consents, resolutions, actions without a meeting, approvals, and ratification's by members, managers, directors, shareholders, or comparable governing persons, including actions concerning ownership, management, loans, distributions, or transfers of property.

D. **Operating and governing agreements:** All operating agreements in force during the requested period, with amendments, restatements, schedules, and exhibits. For an entity without an operating agreement, produce any bylaws, shareholder agreements, partnership agreements, or comparable governing agreements in force during that period, with amendments and restatements.

E. **Tax returns:** All federal, state, and local tax returns filed for tax periods overlapping the requested period, including income, franchise, sales, and tangible personal property returns, amendments, schedules, attachments, and any entity-issued Schedules K-1 within your possession, custody, or control. Produce a return only if filed; no unfiled return need be created.

**WM Holdings:** Produce categories A, B, C, D, and E for WM Holdings.

**MTF Holdings:** Produce categories A, B, C, D, and E for MTF Holdings.

**Canaveral Crossroads, LLC:** Produce categories A, B, C, D, and E for Canaveral Crossroads, LLC.

**Tiered Capital:** Produce categories A, B, C, D, and E for Tiered Capital.

**Cape Crossing Vacation Rental:** Produce categories A, B, C, D, and E for Cape Crossing Vacation Rental.

**Investment of Merritt, LLC:** Produce categories A, B, C, D, and E for Investment of Merritt, LLC.

**Sherwood Construction:** Produce categories A, B, C, D, and E for Sherwood Construction.

**Florida Space Coast Resorts, Inc.:** Produce categories A, B, C, D, and E for Florida Space Coast Resorts, Inc.

**Holly Bluff Marina, Inc.:** Produce categories A, B, C, D, and E for Holly Bluff Marina, Inc.

**A Marine Inc:** Produce categories A, B, C, D, and E for A Marine Inc.

**Recycled Group of South Carolina, LLC:** Produce categories A, B, C, D, and E for Recycled Group of South Carolina, LLC.

**Tri-Star Development, LLC:** Produce categories A, B, C, D, and E for Tri-Star Development, LLC.

**Tri-Star Affordable Development, LLC:** Produce categories A, B, C, D, and E for Tri-Star Affordable Development, LLC.

**650 85th, LLC:** Produce categories A, B, C, D, and E for 650 85th, LLC.

**Promissory notes received by the Debtor:** Produce each promissory note you received from any person or entity between July 1, 2014 and the date of production, including notes received as original payee, lender, holder, or assignee, and any amendments, renewals, replacements, allonges, endorsements, assignments, or written modifications in your possession, custody, or control.

**Promissory notes received by the listed entities:** Separately for each entity identified in Requests 1 through 14, produce each promissory note the entity received from any person or entity between July 1, 2014 and the date of production, including notes received as original payee, lender, holder, or assignee, together with amendments, renewals, replacements, allonges, endorsements, assignments, and written modifications, to the extent in your possession, custody, or control. Identify the recipient entity for each note. Requests 15 and 16 seek notes received, not every note executed by the Debtor or an entity as borrower.

For Requests 17 through 67, relevant period means January 1, 2020 through the date of production, except where a request specifies November 19, 2015 or another date. References to “the action” mean that Brevard County litigation, not this bankruptcy case. The original deposition exhibit sometimes describes records of other parties; those requests seek only records within the Debtor's possession, custody, or control.

Duplicative copies need be produced only once if identified as responsive to each applicable request.

For these requests, communications include correspondence, emails, and written or electronic messages. Transaction subjects means: the Mainstreet Bank Loan; Canaveral Crossroads, LLC; Homemakers Real Estate, LLC; Michael McPhillips; Martin C. Flynn, Jr.; the Crossroads Note; the FDRE Loan; FDRE, Inc.; the Crossroads Condo Purchase; the 406 Condo Transfer; the CCR Sale Agreement; the CCM Sale Agreement; the Johnson Debts; the Unit Sale Agreement; the Marina Lease; the Forbearance Agreement; and Horton S. Johnson. The Marina Lease is used as named in the deposition exhibit, which does not separately define it.

**Defined transactions:** Mainstreet Bank means Mainstreet Community Bank of Florida. The Crossroads Note is the $1.2 million note dated November 19, 2015 executed by Canaveral Crossroads, LLC for the benefit of Horton S. Johnson. The FDRE Loan is the February 20, 2020 promissory note and security agreement executed by Canaveral Crossroads, LLC in favor of FDRE, Inc. for $1,512,500. The Crossroads Condo Purchase concerns the sale or transfer of 32 or 33 condominium units from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC or affiliates of Homemakers Real Estate, LLC or Horton S. Johnson; the Unit Sale Agreement is any agreement concerning that transaction. The Mainstreet Bank Loan concerns financing the purchase of those units from Canaveral Crossroads, LLC. The 406 Condo Transfer is the transfer of Unit 406 from Canaveral Crossroads, LLC to FBC Holdings, LLC on or about December 18, 2020. The CCR Sale Agreement is the January 2, 2020 Sale of LLC Interest Agreement concerning FBC Holdings, LLC's interest in Canaveral Crossroads, LLC and MTF Holdings, LLC. The CCM Sale Agreement is the January 5, 2020 Sale of LLC Interest Agreement concerning MTF Holdings, LLC's interest in Cape Crossing Marina, LLC and FBC Holdings, LLC. Johnson Debts are debts to Horton S. Johnson or his affiliates used in whole or part to fund the Cape Crossing condominium, resort, or marina development. The Forbearance Agreement is the alleged December 3, 2024 agreement entered into by Canaveral Crossroads, LLC concerning a Johnson note. These descriptions identify records; they do not concede that a transaction occurred or a document is authentic.

A. General documents concerning parties, loans, and transactions

All documents and communications exchanged between you (or persons acting on your behalf) and Canaveral Crossroads, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and Homemakers Real Estate, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and Mainstreet Bank during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and FDRE, Inc. during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and FBC Holdings, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and WM Holdings Group, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and Cape Crossing Marina, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and MTF Holdings, LLC during the relevant period.

All documents and communications exchanged between you (or persons acting on your behalf) and Michael McPhillips during the relevant period concerning any transaction subject listed above.

All documents and communications exchanged during the relevant period between Martin C. Flynn, Jr. and any person acting on his behalf concerning any transaction subject listed above, to the extent responsive records exist; this adapts the original request directed to communications between its recipient or representatives and Flynn.

All documents and communications exchanged between you (or persons acting on your behalf) and Horton S. Johnson during the relevant period concerning any transaction subject listed above.

All documents and communications exchanged between you (or persons acting on your behalf) and Canaveral Crossroads, LLC during the relevant period concerning any transaction subject listed above.

All documents and communications exchanged between you (or persons acting on your behalf) and Homemakers Real Estate, LLC during the relevant period concerning any transaction subject listed above.

All documents and communications exchanged between you (or persons acting on your behalf) and FDRE, Inc. during the relevant period concerning any transaction subject listed above.

B. Specific loans and transactions

All documents concerning the Crossroads Note, including applications, financial statements, closing records, payment histories, and correspondence.

All documents concerning the Mainstreet Bank Loan, including applications, financial statements prepared before or after the loan, closing records, payment histories, and correspondence.

All documents concerning the Crossroads Condo Purchase, including purchase agreements, closing records, and negotiation correspondence.

All documents concerning the Unit Sale Agreement, including the agreement, amendments, closing records, and negotiation correspondence.

All documents concerning financing of the Crossroads Condo Purchase, including applications, financial statements, closing records, and financing correspondence among the lender and Homemakers Real Estate, LLC, Horton S. Johnson, Martin C. Flynn, Jr., or Canaveral Crossroads, LLC.

All documents concerning the 406 Condo Transfer, including any sale agreement and closing documents.

All documents concerning the CCR Sale Agreement, including the agreement, closing records, and correspondence concerning its negotiation or execution.

All documents concerning the CCM Sale Agreement, including the agreement, closing records, and correspondence concerning its negotiation or execution.

All documents concerning the Forbearance Agreement, including the agreement, any associated closing documents, and correspondence concerning its negotiation or execution.

C. Horton S. Johnson

All financial statements prepared by or for Horton S. Johnson from November 19, 2015 through the date of production, including those used for loan, financing, funding, or grant applications, servicing, refinancing, or renewal.

All records concerning loans or debts owed to or by Horton S. Johnson from November 19, 2015 through the date of production.

All tax returns of Horton S. Johnson for periods from November 19, 2015 through the date of production.

D. Canaveral Crossroads, LLC

All financial statements prepared by or for Canaveral Crossroads, LLC from November 19, 2015 through the date of production, including statements used for loan, financing, funding, or grant applications, servicing, refinancing, or renewal.

All records concerning loans or debts owed to or by Canaveral Crossroads, LLC from November 19, 2015 through the date of production.

All tax returns of Canaveral Crossroads, LLC for periods from November 19, 2015 through the date of production.

All balance sheets and profit-and-loss statements of Canaveral Crossroads, LLC from November 19, 2015 through the date of production.

E. Homemakers Real Estate, LLC

All financial statements prepared by or for Homemakers Real Estate, LLC from November 19, 2015 through the date of production, including statements used for loan, financing, funding, or grant applications, servicing, refinancing, or renewal.

All records concerning loans or debts owed to or by Homemakers Real Estate, LLC from November 19, 2015 through the date of production.

All tax returns of Homemakers Real Estate, LLC for periods from November 19, 2015 through the date of production.

All balance sheets and profit-and-loss statements of Homemakers Real Estate, LLC from November 19, 2015 through the date of production.

F. Martin C. Flynn, Jr.

All financial statements prepared by or for Martin C. Flynn, Jr. from November 19, 2015 through the date of production, including statements used for loan, financing, funding, or grant applications, servicing, refinancing, or renewal.

All records concerning loans or debts owed to or by Martin C. Flynn, Jr. from November 19, 2015 through the date of production.

All tax returns of Martin C. Flynn, Jr. for periods from November 19, 2015 through the date of production.

G. Organizational and internal records

All organizational documents and annual reports, including shareholder agreements, operating agreements, bylaws, articles of organization or incorporation, and amendments, for each of: Canaveral Crossroads, LLC; MTF Holdings, LLC; Cape Crossing Marina, LLC; Homemakers Real Estate, LLC; JLALF, Inc.; Tiered Preferred, LLC; Tiered Capital, Inc.; Cape Crossing Resort Management, LLC; and WM Holdings Group, LLC. The source list repeats Tiered Preferred, LLC; one production is sufficient for the duplicate entry.

All records identifying members or shareholders during the relevant period, including member or shareholder certificates, resolutions, and consents, for each of: Canaveral Crossroads, LLC; MTF Holdings, LLC; Cape Crossing Marina, LLC; Homemakers Real Estate, LLC; JLALF, Inc.; Tiered Preferred, LLC; Tiered Capital, Inc.; Cape Crossing Resort Management, LLC; and WM Holdings Group, LLC. The source lists Tiered Preferred, LLC twice; one production suffices. Its references to Tiered Capital vary in spelling; identify responsive records under that name as maintained.

H. Other loans and debts

All documents concerning any other loan entered into or obtained by or for Canaveral Crossroads, LLC during the relevant period.

All documents concerning any other loan application or loan request made by or for Canaveral Crossroads, LLC during the relevant period, whether or not a loan resulted.

All documents concerning any other loan application or loan request made by or for Homemakers Real Estate, LLC during the relevant period.

All documents concerning any other loan application or loan request made by or for Homemakers Real Estate, LLC during the relevant period, whether or not a loan resulted. This retains the separate, partially overlapping request in the deposition exhibit.

All documents concerning any other loan application or loan request made by or for Horton S. Johnson during the relevant period.

All documents concerning any other loan application or loan request made by or for Horton S. Johnson during the relevant period, whether or not a loan resulted. This retains the separate, partially overlapping request in the deposition exhibit.

All documents concerning any other loan application or loan request made by or for Martin C. Flynn, Jr. during the relevant period.

All documents concerning any other loan application or loan request made by or for Martin C. Flynn, Jr. during the relevant period, whether or not a loan resulted. This retains the separate, partially overlapping request in the deposition exhibit.