UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

MARTIN C. FLYNN, JR. Case No. 6:26-bk-00399-LVV

Debtor,
_______________________/

**INTERESTED PARTY MICHAEL McPHILLIPS'S CROSS**
**NOTICE OF DEPOSITION DUCES TECUM OF MARTIN C. FLYNN, JR.**
(pursuant to Federal Rules of Bankruptcy Procedure 2004)

YOU ARE NOTIFIED that the undersigned counsel for Interested Party Michael McPhillips, pursuant to Federal Rules of Bankruptcy Procedure 2004, 7030, 7034, and/or 9014(c) and Federal Rules of Civil Procedure 30 and 34, and Local Rules 2004-1, 7026-1, and/or 7030-1, as follows:

**DEPONENT:** Martin C. Flynn, Jr.
14556 Sain Georges Hill Drive
Orlando, FL 32828

**PRODUCTION:** Deponent shall bring the documents listed in the attached **Exhibit 1**

**PLACE:** Faro & Crowder, PA
700 N. Wickham Road, Suite 205
Melbourne, FL 32935

**DATE**: December 1, 2026

**TIME:** 1:00 p.m.

before a court reporter or some other notary public for the State of Florida, or some other officer duly authorized by law to take testimony. This deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, and for such other purposes as are permitted under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, and other applicable law.

The oral examination will continue from day to day until testimony shall be completed.

The deponent shall bring to the deposition or produce in advance of the deposition the documents and materials detailed in **Exhibit 1** attached hereto in accordance with the Definitions and Instructions therein.

The accompanying Exhibit 1 constitutes a request to the Debtor under Rule 34. Debtor shall produce responsive and nonprivileged documents and electronically stored information no later than **November 23, 2026**, at 5:00p.m. Eastern Time, at the office of Fassett, Anthony & Taylor, P.A. 1325 West Colonial Drive, Orlando, Florida 32804 for inspection and copying.

Submitted on November 10, 2026 , by

Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL. 32804
Tel: 407-872-0200

/s/ *Phil A. D'Aniello*
Phil A. D'Aniello, Esq.
Fla. Bar No. 0115525
Primary E-Mail: pdaniello@fassettlaw.com
Secondary E-Mail: tsadaka@fassettlaw.com

**Certificate of Service**

I HEREBY CERTIFY that the foregoing was submitted for filing by using the Florida Courts E-Filing Portal which will send a Notice of Electronic Filing to the Electronic Service Recipients of record indicated below, in accordance with Florida Rules of Judicial Administration 2.516, on November 10, 2026.

/s/ *Phil A. D'Aniello*
Phil A. D'Aniello, Esq.

**Service List:**
L. Todd Budgen, Esq.
todd@c11trustee.com
ltbudgen@ecf.courtdrive.com
bnc@mybankruptcyfirm.com

J. Christopher Crowder, Esq.
jcrowder@farolaw.com
farolawpleadings@gmail.com

Mailing Matrix (attached)

**Exhibit 1**

Michael McPhillips, pursuant to Federal Rules of Bankruptcy Procedure 2004, 7030, 7034, and/or 9014(c) and Federal Rules of Civil Procedure 30 and 34, and Local Rules 2004-1, 7026-1, and/or 7030-1, hereby requests that the Deponent named herein above, appear for deposition and produce documents and materials in accordance with the definitions and instructions below as follows:

1. You will produce the documents described herein in accordance with the general definitions and instructions herein.

2. You are not required to surrender the original items.

3. You may comply with this request by providing legible copies of these items to the attorneys named herein.

4. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.

**Definitions and Instructions**

1. The terms "You" and "Your" as used herein and in the Requests below are used interchangeably and shall mean the individual or entity in which this Request is addressed or directed, and if this Request relates to a Notice of Deposition Duces Tecum, shall include the corporate or business entity or entities upon whose behalf the deponent will appear and if this Request is addressed to an entity, agency, or organization, shall include such entity's, agency's, or organization's present or former divisions, departments, subsidiaries, affiliates, predecessors, partners, members, managers, officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner. If this Request or the attached or incorporated request, notice, or subpoena is addressed to more than one person or entity on whose behalf You are appearing, the terms "You" and "Your" shall mean each of those persons and/or entities.

2. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, and shall include the production of documents in the manner in which the documents are ordinarily kept including the following:

(a) All text messages, instant messages, chat room posts, and emails.

(b) Any and all writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(c) Any and all written, typed, recorded, or graphic matter, however produced or reproduced, fixed in a tangible medium of expression, of every kind and regardless where located, and all tangible things from which information can be processed or transcribed, including all originals and non-identical copies whether differing from the original by reason of any notation made on such copy or otherwise including but not limited to any summary schedule, memorandum, note, message, statement, letter, telegram, telex, bulletin, inter and intra-office communication, report, diary, desk or pocket calendar or notebook, day book chronological date compilation, appointment book pamphlet, periodical, magazine or newspaper articles, advertisement, list, graph, motion, picture, photograph, x-ray or other machine-produced diagnostic picture or depiction of any kind, chart, index, tape, record, drawing, compilation, tabulation, computer printouts, computer-stored memory component or device including but not limited to hard-drives, disks, diskettes, and e-mail, study, analysis, transcript, minutes, books, date sheet, data processing card or tape, phone records, correspondence, ledgers, invoices, worksheets, receipts, returns, prospectuses, financing statements, schedules, affidavits, contracts, canceled checks, checkbooks, check stubs, transcripts, statistics, surveys, releases, aural records or representations of any kind, microfiche, microfilm, mechanical or electric records or representations of any kind, and any other writing or recording in Your possession, custody or control or Your attorney's possession, custody or control (and any and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing).

(d) Any and all files in which any documents are maintained, including file folders or file jackets, and adjacent or related exhibit folders in which any documents are filed or maintained.

(e) Any and all documents contained on hard drives or other electronic media that You or any of Your attorneys have located on the Internet, whether or not You or Your attorneys have yet printed the documents.

(f) Any and all documents located now or in the past on any computer memory device within Your possession, custody, or control, or within the possession, custody, or control of Your attorneys. "Possession, custody, or control" as used herein shall have the same meaning as in Fla. R. Civ. P. 1.350(a) and/or Fed. R. Civ. P. 34(a).

(g) Any and all documents of any kind within Your possession, custody, or control, or within the possession, custody, or control of any of Your attorneys.

3. The term "materials" shall be deemed to include all documents, letters, memoranda, notes and any other written communication and written notes of all oral communications, whether in person or by telephone, and every record of every type, including but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored, and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notations, or other change whatsoever that does not appear on the original or other

copy of the document produced. Also included in this definition is any summary of a document or documents called for hereafter.

4. The terms "person", "individual", and "entity" are used interchangeably and each shall mean, but not be limited to: any natural person; or fictitious entity whether or not it is incorporated or registered; or trust; or surety; institution; or government or government agency or political subdivision be it foreign or domestic; or board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

5. If You claim that the attorney-client or other privilege or the work product doctrine is applicable to any document the production of which is sought by the Requests below, then with respect to each such document, You **must provide a privilege log** which identifies the document by stating the type, date, author(s), addressee(s) and recipient(s), present and previous custodian(s), location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

6. If any document the production of which is sought by these Requests has been destroyed, then You **must provide a log** which identifies the document by stating the type, date, author(s), addressee(s) and recipient(s), previous custodian(s) and location, subject matter, and sufficient additional information to explain the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

7. If there are no documents responsive to a Request herein, **You must identify which Request(s) that You do not have any responsive documents for**.

8. These definitions and instructions shall apply to any documents referenced herein or attached hereto coextensively with any definitions or instructions contained therein. If the definitions and instructions are in conflict, then those contained herein shall apply.

9. For each and every Request, You shall produce documents in Your possession, custody, or control, which shall include but not be limited to, documents, objects or articles described that are in Your possession or that You have the right to secure the original or a copy from another person or entity.

10. The terms "any" and "all" shall be construed to bring within the scope of this request any information which might be construed relate to the subject matter of the request.

11. The terms "relate to", "refer to", "reflecting", "supports", "evidence", and "indicating", and all derivations thereof, are used interchangeably and shall mean evidencing, referring to, pertaining to, consisting of, reflecting, concerning, or in any way logically or factually

connected to the matter requested and are to be read as requiring and requesting a broader or expanded range of inclusive documents and shall not be interpreted or construed to be exclusive in any manner and shall mean supporting, tending to support, evidencing, tending to evidence, sustaining, maintaining, upholding, or in any way proves, confirms, substantiates, or verifies any fact, issue, or matter.

12. The terms "and" and "or" are used interchangeably and shall mean and be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any and all responses that might otherwise be construed to be outside of the respondent's scope, and are to be read as requiring and requesting a broader and/or expanded range of inclusive documents and shall not be interpreted or construed to be exclusive in any manner

13. The term "**Mainstreet Bank**" shall mean and refer to the entity known as Mainstreet Community Bank of Florida.

14. The term "**Crossroads Note**" shall mean and refer to the $1.2 million Promissory Note dated November 19, 2015 executed by Canaveral Crossroads, LLC to or for the benefit of Horton S. Johnson.

15. The term "**FDRE Loan**" shall mean and refer to the February 20, 2020 Promissory Note and Security Agreement executed by Canaveral Crossroads, LLC in favor of an entity known as FDRE, Inc. for a loan in the amount of $1,512,500 and all documents related to such Promissory Note and Security Agreement.

16. The term "**Crossroads Condo Purchase**" shall mean and refer to the sale, transfer, or purchase of 32 or 33 condominium units from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC or any affiliates of Homemakers Real Estate, LLC or Horton S. Johnson.

17. The term "**Unit Sale Agreement**" shall mean and refer to any contract or agreement entered into by or between Homemakers Real Estate, LLC and/or Canaveral Crossroads, LLC or any other entity with regard to or related to the sale of 32 or 33 condominium units from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC or any affiliates of Homemakers Real Estate, LLC or Horton S. Johnson.

18. The term "**Mainstreet Bank Loan**" shall mean and refer to the loan from Mainstreet Bank to Homemakers Real Estate, LLC or any other person or entity to fund the purchase of 32 or 33 condominium units from Canaveral Crossroads, LLC.

19. The term "**406 Condo Transfer**" shall mean and refer to the sale, transfer, or deed of Unit 406 from Canaveral Crossroads, LLC to FBC Holdings, LLC on about December 18, 2020.

20. The term "**CCR Sale Agreement**" shall mean and refer to the Sale of LLC Interest Agreement dated January 2, 2020 for the sale of FBC Holdings, LLC's membership interests in Canaveral Crossroads, LLC to MTF Holdings, LLC.

21. The term "**CCM Sale Agreement**" shall mean and refer to the Sale of LLC Interest Agreement dated January 5, 2020 for the sale of MTF Holdings, LLC's membership interests in Cape Crossing Marina, LLC to FBC Holdings, LLC.

22. The term "**Johnson Debts**" shall mean and refer to any one or more loans, debts, and/or obligations owed at any time to Horton S. Johnson and/or his affiliates which were used in part or in whole to fund the development and construction of any condominium units and/or the condominium, resort, or marina project located at the Cape Crossing condominiums and marina project in Brevard County Florida commonly known as the Cape Crossing Resort and Marina.

23. The term "**Forbearance Agreement**" shall mean and refer to the Forbearance Agreement allegedly entered into on December 3, 2024 by Canaveral Crossroads, LLC related to the Johnson Note.

24. All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

25. Unless otherwise stated in the Requests below, the "**relevant period**" for each and every Request is **January 1, 2020 to the present**.

## DOCUMENTS REQUESTED

### *a. General Documents Related to Parties, Loans, and Transactions*

1. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Canaveral Crossroads, LLC** during the relevant period.

2. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Homemakers Real Estate, LLC** during the relevant period.

3. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Mainstreet Bank** during the relevant period.

4. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **FDRE, Inc.** during the relevant period.

5. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **FBC Holdings, LLC** during the relevant period.

6. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **WM Holdings Group, LLC** during the relevant period.

7. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Cape Crossing Marina, LLC** during the relevant period.

8. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **MTF Holdings, LLC** during the relevant period.

9. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Michael McPhillips** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan
b. Canaveral Crossroads, LLC
c. Homemakers Real Estate, LLC
d. Michael McPhillips
e. Martin C. Flynn, Jr.
f. The Crossroads Note
g. The FDRE Loan
h. FDRE, Inc.
i. Crossroads Condo Purchase
j. 406 Condo Transfer
k. CCR Sale Agreement
l. CCM Sale Agreement
m. Johnson Debts
n. Unit Sale Agreement
o. The Marina Lease
p. Forbearance Agreement
q. Horton S. Johnson.

10. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Martin C. Flynn, Jr.** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan
b. Canaveral Crossroads, LLC
c. Homemakers Real Estate, LLC
d. Michael McPhillips
e. Martin C. Flynn, Jr.
f. The Crossroads Note
g. The FDRE Loan
h. FDRE, Inc.
i. Crossroads Condo Purchase
j. 406 Condo Transfer
k. CCR Sale Agreement
l. CCM Sale Agreement
m. Johnson Debts
n. Unit Sale Agreement
o. The Marina Lease
p. Forbearance Agreement
q. Horton S. Johnson.

11. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Horton S. Johnson** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan
b. Canaveral Crossroads, LLC
c. Homemakers Real Estate, LLC
d. Michael McPhillips
e. Martin C. Flynn, Jr.
f. The Crossroads Note
g. The FDRE Loan
h. FDRE, Inc.
i. Crossroads Condo Purchase
j. 406 Condo Transfer
k. CCR Sale Agreement

l. CCM Sale Agreement

m. Johnson Debts

n. Unit Sale Agreement

o. The Marina Lease

p. Forbearance Agreement

q. Horton S. Johnson.

12. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Canaveral Crossroads, LLC** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan

b. Canaveral Crossroads, LLC

c. Homemakers Real Estate, LLC

d. Michael McPhillips

e. Martin C. Flynn, Jr.

f. The Crossroads Note

g. The FDRE Loan

h. FDRE, Inc.

i. Crossroads Condo Purchase

j. 406 Condo Transfer

k. CCR Sale Agreement

l. CCM Sale Agreement

m. Johnson Debts

n. Unit Sale Agreement

o. The Marina Lease

p. Forbearance Agreement

q. Horton S. Johnson.

13. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **Homemakers Real Estate, LLC** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan

b. Canaveral Crossroads, LLC

c. Homemakers Real Estate, LLC

d. Michael McPhillips

e. Martin C. Flynn, Jr.

f. The Crossroads Note
g. The FDRE Loan
h. FDRE, Inc.
i. Crossroads Condo Purchase
j. 406 Condo Transfer
k. CCR Sale Agreement
l. CCM Sale Agreement
m. Johnson Debts
n. Unit Sale Agreement
o. The Marina Lease
p. Forbearance Agreement
q. Horton S. Johnson.

14. All documents, communications, notes, memorandum, reports, or correspondence exchanged between You or Your employees, officers, managers, and/or agents and **FDRE, Inc.** during the relevant period regarding or related to any of the following:

a. Mainstreet Bank Loan
b. Canaveral Crossroads, LLC
c. Homemakers Real Estate, LLC
d. Michael McPhillips
e. Martin C. Flynn, Jr.
f. The Crossroads Note
g. The FDRE Loan
h. FDRE, Inc.
i. Crossroads Condo Purchase
j. 406 Condo Transfer
k. CCR Sale Agreement
l. CCM Sale Agreement
m. Johnson Debts
n. Unit Sale Agreement
o. The Marina Lease
p. Forbearance Agreement
q. Horton S. Johnson.

***b. Specific Documents Related to Loans and Transactions***

15. All documents related in any way to the Crossroads Note, including any and all loan applications, financial statements, closing documents, loan or payment history, and correspondence.

16. All documents related in any way to the Mainstreet Bank Loan, including any and all loan applications, financial statements (issued before or after the Mainstreet Bank Loan), closing documents, loan or payment history, and correspondence.

17. All documents related to the Crossroads Condo Purchase, including any sale agreement and all closing documents and any correspondence related to the negotiation of the Crossroads Condo Purchase and/or the negotiation of any sale agreement related to the Crossroads Condo Purchase.

18. All documents related in any way to the Unit Sale Agreement, including but not limited to the agreement or contract itself, any amendments thereto, and all closing documents and any correspondence related to the negotiation of the Unit Sale Agreement and/or the negotiation of the Unit Sale Agreement.

19. All documents related to the financing of the Crossroads Condo Purchase, including any and all loan applications, financial statements, closing documents, and correspondence related to the financing of the Crossroads Condo Purchase exchanged between the lender and any one or more of: Homemakers Real Estate, LLC, Horton S. Johnson, Martin C. Flynn, Jr., and/or Canaveral Crossroads, LLC.

20. All documents related to the 406 Condo Transfer, including any sale agreement and all closing documents.

21. All documents related to the CCR Sale Agreement, including any sale agreement and all closing documents and any correspondence related to the negotiation and/or execution of the CCR Sale Agreement.

22. All documents related to the CCM Sale Agreement, including any sale agreement and all closing documents and any correspondence related to the negotiation and/or execution of the CCM Sale Agreement.

23. All documents related to the Forbearance Agreement, including any sale agreement and all closing documents and any correspondence related to the negotiation and/or execution of the Forbearance Agreement.

### *c. __Horton S. Johnson__*

24. All financial statements of any kind made by or for or on behalf of Horton S. Johnson from November 19, 2015 to the present, including but not limited to financial statements (or statements of finances, assets, and liabilities) made in connection with the application for a loan,

financing, funding, or grant, or in connection with the servicing, refinancing, or renewal of any loan, financing, funding, or grant.

25. All documents of any kind that state, indicate, reference, show, or relate to any loans or debts owed to pr by Horton S. Johnson from November 19, 2015 to the present.

26. The tax returns for Horton S. Johnson from November 19, 2015 to the present.

***d. <u>Canaveral Crossroads, LLC</u>***

27. All financial statements of any kind made by or for or on behalf of Canaveral Crossroads, LLC from November 19, 2015 to the present, including but not limited to financial statements (or statements of finances, assets, and liabilities) made in connection with the application for a loan, financing, funding, or grant, or in connection with the servicing, refinancing, or renewal of any loan, financing, funding, or grant.

28. All documents of any kind that state, indicate, reference, show, or relate to any loans or debts owed to or by Canaveral Crossroads, LLC from November 19, 2015 to the present.

29. The tax returns for Canaveral Crossroads, LLC from November 19, 2015 to the present.

30. All balance sheets and profit and loss statements for Canaveral Crossroads, LLC from November 19, 2015 to the present.

***e. <u>Homemakers Real Estate, LLC</u>***

31. All financial statements of any kind made by or for or on behalf of Homemakers Real Estate, LLC from November 19, 2015 to the present, including but not limited to financial statements (or statements of finances, assets, and liabilities) made in connection with the application for a loan, financing, funding, or grant, or in connection with the servicing, refinancing, or renewal of any loan, financing, funding, or grant.

32. All documents of any kind that state, indicate, reference, show, or relate to any loans or debts owed to or by Homemakers Real Estate, LLC from November 19, 2015 to the present.

33. The tax returns for Homemakers Real Estate, LLC from November 19, 2015 to the present.

34. All balance sheets and profit and loss statements for Homemakers Real Estate, LLC from November 19, 2015 to the present.

***f. <u>Martin C. Flynn, Jr.</u>***

35. All financial statements of any kind made by or for or on behalf of Martin C. Flynn, Jr. from November 19, 2015 to the present, including but not limited to financial statements (or statements of finances, assets, and liabilities) made in connection with the application for a loan,

financing, funding, or grant, or in connection with the servicing, refinancing, or renewal of any loan, financing, funding, or grant.

36. All documents of any kind that state, indicate, reference, show, or relate to any loans or debts owed to or by Martin C. Flynn, Jr. from November 19, 2015 to the present.

37. The tax returns for Martin C. Flynn, Jr. from November 19, 2015 to the present.

### *g. __Organizational and Internal__*

38. All organizational documents and annual reports, including any and all Shareholder Agreements, Operating Agreement, Bylaws, Articles of Organization, Articles of Incorporation, and any amendments thereto for any of the following:

a. Canaveral Crossroads, LLC
b. MTF Holdings, LLC
c. Cape Crossing Marina, LLC
d. Homemakers Real Estate, LLC
e. JLALF, Inc.
f. Tiered Preferred, LLC
g. Tiered Capital, Inc.
h. Cape Crossing Resort Management, LLC
i. Tiered Preferred, LLC
j. WM Holdings Group, LLC.

39. All documents, including shareholder or member certificates, resolutions or consents indicated the members or shareholders for the relevant period for any of the following:

a. Canaveral Crossroads, LLC
b. MTF Holdings, LLC
c. Cape Crossing Marina, LLC
d. Homemakers Real Estate, LLC
e. JLALF, Inc.
f. Tiered Preferred, LLC
g. Tiered Capital, Inc.
h. Cape Crossing Resort Management, LLC
i. Tiered Preferred, LLC
j. WM Holdings Group, LLC.

### *h. __Other Loans and Debts__*

40. All documents related to or referencing any other loan entered into or obtained by or on behalf of Canaveral Crossroads, LLC during the relevant period.

41. All documents related to or referencing any other loan application or request made by or on behalf of Canaveral Crossroads, LLC during the relevant period (regardless of whether such application resulted in a completed loan transaction).

42. All documents related to or referencing any other loan application or request made by or on behalf of Homemakers Real Estate, LLC during the relevant period.

43. All documents related to or referencing any other loan application or request made by or on behalf of Homemakers Real Estate, LLC during the relevant period (regardless of whether such application resulted in a completed loan transaction).

44. All documents related to or referencing any other loan application or request made by or on behalf of Horton S. Johnson during the relevant period.

45. All documents related to or referencing any other loan application or request made by or on behalf of Horton S. Johnson during the relevant period (regardless of whether such application resulted in a completed loan transaction).

46. All documents related to or referencing any other loan application or request made by or on behalf of Martin C. Flynn, Jr. during the relevant period.

47. All documents related to or referencing any other loan application or request made by or on behalf of Martin C. Flynn, Jr. during the relevant period (regardless of whether such application resulted in a completed loan transaction).

***i. Statements and Exhibits***

48. All statements by any witness related to the facts, circumstances, and issues raised in this matter or which relate to the issues, claims, or defenses in this matter.

49. All notes, summaries, or reports of any statements made by any witness related to the facts, circumstances, and issues raised in this matter or which relate to the issues, claims, or defenses in this matter.

50. All documents You intend to use in litigating or disputing this matter, or which You intend to introduce as evidence at trial or any hearing, including all documents for rebuttal or impeachment purposes.

51. All documents You identify or reference in any response to any interrogatories or identified or referenced in any pleading herein.